IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE ANN TERRELL, Individually, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| | **JURY TRIAL DEMANDED** |
| CANNON-CLEVELAND FUNERAL DIRECTORS, INC., SOUTHERN CRESCENT CREMATORIUM, LLC, COMPANION CARE CREMATORIUM, LLC, CCT MANAGEMENT, INC., CANNON-THORNTON, INC., CHARLES GREGORY CANNON, and PETER LAWRENCE THORNTON, | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff Michelle A. Terrell ("Terrell"), through her counsel, Stephen M. Katz, The Katz Law Group, and for her Complaint, states:

### Nature of this Action

1.

This action is brought under The Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs.

## Parties

2.

Michelle Ann Terrell, Plaintiff, lives in the Northern District of Georgia.

3.

Defendant Cleveland Funeral Directors, Inc., ("Cannon-Cleveland") is a Georgia corporation with its principal office and place of business at 2580 Highway 42 North, McDonough, GA 30253-4740. Cannon-Cleveland can be served by delivering a copy of the Summons and the Complaint to its Registered Agent: Bonnie Baker at 101 Eagle's Pointe Pkwy. Stockbridge, GA 30281.

4.

Defendant Southern Crescent Crematorium, LLC, ("Southern Crescent") is a Georgia corporation with its principal office and place of business at 910 Dailey Mill Road, McDonough, GA 30253. Southern Crescent can be served by delivering a copy of the Summons and Complaint to its Registered Agent: Charles Gregory Cannon at 2580 Hwy. 42 North, McDonough, GA 30253.

5.

Defendant Companion Care Cremation Services, LLC, ("Companion Care") is a Georgia corporation with its principal office and place of business at 910 Dailey Mill Rod, McDonough, GA 30253. Companion Care can be served by delivering a copy of the Summons and Complaint to its Registered Agent: Charles Gregory Cannon, at 2580 Hwy 42 North, McDonough, GA 30253.

6.

Defendant CCT Management, LLC, ("CCT") is a Georgia corporation with its principal office and place of business at 2580 Hwy 42 North, McDonough, GA 30253. CCT, can be served through its Registered Agent: Charles Gregory Cannon at 2580 Hwy 42 North, McDonough, GA 30253.

7.

CCT provides accounting, management, and related services to one or more of the Defendants, including but not limited to Cannon-Thornton Funeral Directors, Inc.

8.

Defendant Cannon-Thornton, Inc., (Cannon-Thornton) is a Georgia corporation with its principal office and place of business located at 2580 Hwy 42 North, McDonough, GA 30253. Cannon-Thornton can be served by delivering a copy of the Summons and Complaint to its Registered Agent: Charles Gregory Cannon at 2580 Hwy 42 North, McDonough, GA 30253.

9.

Cannon-Thornton provides related services to one or more of the Defendants, including but not limited to Cleveland Funeral Directors, Inc.

10.

Defendant Charles Gregory Cannon ("Cannon") lives and resides in the Northern District of Georgia. Cannon can be served by personal service, by delivering a copy of the Summons and Complaint to him at 459 North Bethany Rd., McDonough, GA 30252.

11.

Defendant Peter L. Thornton ("Thornton") lives and resides within the Northern District of Georgia. Thornton can be served by personal service, by delivering a copy of the Summons and Complaint to him at 459 North Bethany Rd., McDonough, GA 30252.

### Jurisdiction

12.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. §216(B) as well as 28 U.S.C. § 1331.

### Venue

13.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

### FACTUAL ALLEGATIONS CORPORATE

14.

Cannon Cleveland maintains, and, at all times material hereto, maintained an office in the State of Georgia, and transacts and at all times material hereto, transacted regular, not isolated, acts of business in Georgia.

15.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

16.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 et. seq.

17.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

18.

Defendants, and each of them, are an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 et. seq.

19.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

### FACTUAL ALLEGATIONS CANNON

20.

Cannon-Cleveland provides funeral and related services within the State of Georgia.

21.

At all times material to this action, Cannon served as Chief Executive Officer to Cannon-Cleveland.

22.

At all time material to this action, Cannon was involved in the day-to-day operations of Cannon-Cleveland and he exercised substantial operational control over Cannon-Cleveland, including, without limitation, the development, implementation, and oversight of policies governing employees, including Terrell, during her tenure with the company.

23.

At all times material to this action, Cannon exerted substantial control over Cannon-Cleveland's compliance with the Fair Labor Standards Act.

24.

At all times material to this action, Cannon had the power to hire and fire employees, including, without limitation, Terrell.

25.

At all times material to this action, Cannon controlled employee work schedules and/or conditions of employment at Cannon-Cleveland, including, and without limitation, Terrell's during the course of her employment with the company.

26.

At all times relevant to this action, Cannon determined the rate and method of payment for Canon-Cleveland employees, including, without limitation, Terrell.

27.

At all times relevant to this action, Cannon oversaw and had responsibility for maintaining employment records applicable to Cannon-Cleveland personnel, including Terrell during the course of her employment within the company.

## FACTUAL ALLEGATIONS AS TO THORNTON

28.

At all times material to this action, Thornton served as Chief Financial Officer and Secretary to Cannon-Cleveland.

29.

At all time material to this action, Thornton was involved in the day-to-day operations of Cannon-Cleveland and he exercised substantial operational control over Cannon-Cleveland, including, without limitation, the development, implementation and oversight of policies governing employees, including Terrell, during her employment with the company.

30.

At all times material to this action, Thornton exerted substantial control over Cannon-Cleveland's compliance with the Fair Labor Standards Act.

31.

At all times material to this action, Thornton had the power to hire and fire Cannon-Cleveland employees, including, and without limitation, Terrell.

32.

At all times material to this action, Thornton controlled Cannon-Cleveland's employees work schedules and/or conditions of employment, including, without limitation, the schedule and conditions of employment applicable to Terrell.

33.

At all times relevant to this action, Thornton determined and/or had substantial input into setting the rate and method of payment for Canon-Cleveland employees, including, and without limitation, Terrell.

34.

At all times relevant to this action, Thornton oversaw and had responsibility for maintaining employment records applicable to Cannon-Cleveland personnel, including Terrell during the course of her employment within the company.

## FACTUAL ALLGATIONS AS TO ALL DEFENDANTS

35.

Defendants employed Terrell from March 2006 through and including December 2011, in the capacity of "Funeral Director" receiving "salary" compensation without overtime compensation for hours during which she was "on call" and appointments worked in excess of 40 hours for any given week.

36.

Terrell's primary and virtually only duty at Cannon Cleveland was that of funeral director.

37.

At all times material to this action, Defendants failed to pay Terrell, overtime compensation.

38.

At all times material to this action, Terrell did not have discretionary authority in her position as a "Funeral Director."

39.

In the course of her employment by Defendants between March 2006 and December 2011 as a "Funeral Director", Terrell consistently worked over 40 hours per week.

40.

Defendants deliberately failed to provide Terrell with overtime compensation for hours worked in excess of 40 hours in any given week in the course of her employment during the years: 2009, 2010, and 2011.

**Claim for Relief**

**Violation of 29 U.S.C. § 216(b)**

**(FLSA)**

41.

Terrell incorporates the allegations contained in paragraphs 1 through 38 of this Complaint as though the same were fully set forth at length herein.

42.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing Terrell, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

43.

Terrell was regularly compelled to work more than 40 hours per

week but was not paid overtime compensation as required under the FLSA.

44.

Terrell is not an exempt employee under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

45.

Defendants' violations of the overtime pay requirements set forth in the FLSA were and are systematic, voluntary and willful.

46.

Defendants owe Terrell, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

47.

Within the preceding four years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

48.

Terrell is entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to Defendants' violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

WHEREFORE, Terrell demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated Section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Terrell against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Terrell, against Defendants, jointly and severally, for reasonable attorneys fees;

5. Judgment in favor of Terrell for prejudgment interest;

6. Judgment in favor of Terrell against the Defendants, jointly and severally, for all taxable and non-taxable costs;

7. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., TRIAL BY JURY on all claims on which a jury trial is available;

8. Such other, further and different relief as this Court deems appropriate.

This 27th day of February 2012.

By: _____
Stephen M. Katz
Attorney for Plaintiff
Georgia Bar No. 409065

- 12 -

THE KATZ LAW GROUP
4799 Olde Towne Parkway
Suite 200
Marietta, GEORGIA 30068-4350
770/988-8181
770/988-8182 (fax)
smkatz@smk-law.com