SETTLEMENT AGREEMENT,
WAIVER AND GENERAL RELEASE

This SETTLEMENT AGREEMENT, WAIVER AND GENERAL RELEASE ("Agreement") dated this __28__ day of _August_ 2014, by and between MICHELLE TERRELL f/ k/ a MICHELLE FERRAIUOLO ("Terrell") and CHARLES GREGORY CANNON, PETER LAWRENCE THORNTON, CANNON-CLEVELAND FUNERAL DIRECTORS, INC., SOUTHERN CRESCENT CREMATORIUM, LLC, COMPANION CARE CREMATORIUM, LLC, CCT MANAGEMENT, INC., and CANNON-THORNTON, INC. (the "Released Parties").

RECITALS

WHEREAS, Cannon-Cleveland Funeral Directors, Inc. employed Terrell as a Funeral Director from March, 2006 until December, 2011; and

WHEREAS, on 5 March, 2012 Terrell filed an action seeking recovery for unpaid overtime and compensation for retaliation and, thereafter, Released Parties, or some of them, filed a counterclaim against Terrell to recover for misappropriation of trade secrets and conversion, said action and counterclaims being entitled *Michelle Ann Terrell v. Cannon-Cleveland Funeral Directors, Inc., et al.*, United States District Court, N.D. Ga., Civil Action File No. 1:12-cv-0611-SCJ; and

WHEREAS, on 13 February 2012, Charles Gregory Cannon, Peter Lawrence Thornton and the other Released Parties filed ethics charges against Terrell with the Georgia Board of Funeral Service, and, on 21 August 2012, Terrell filed ethics charges against Charles Gregory Cannon, Peter Lawrence Thornton, and the other Released Parties, or some of them, with the Georgia Board of Funeral Service ("Ethics Actions"); and

WHEREAS, each party has denied and continues to deny the other parties allegations in the Civil Action and Ethics Actions; and

WHEREAS, Terrell and the Released Parties wish to avoid the risk and cost of further litigation and wish to settle disputes and all claims related to Terrell's employment, the parties relationship, and any legal,

MAT   CGC   PLT

equitable, and equitable claims which the parties have asserted or could assert against the other parties; and

NOW, THEREFORE, for and in consideration of the sum of $10.00 in hand paid, the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties do hereby covenant and agree as follows:

1.  ADOPTION OF RECITALS.

The parties adopt and incorporate by reference the recitals set forth above as part of this Agreement.

2.  DEFINITIONS.

As used herein, the following terms shall have these meanings:

    a.  "Board" shall mean the Georgia Board of Funeral Service;

    b.  "Civil Action" shall mean Terrell's complaint filed with the United States District Court for the Northern District of Georgia on 5 March 2012 and captioned Terrell v. Cannon-Cleveland Funeral Directors, Inc., et al. , Civil Action File No. 1:12-cv-0611-SCJ as well as counterclaims filed by some of the Released Parties; and

    c.  "Court" shall mean the United States District Court for the Northern District of Georgia;

    d.  "Effective Date" means the eighth day following approval of this Agreement by the Court;

    e.  "Ethical Action(s)" means complaints made by a party against any other party to this Agreement.

    f.  "FTC" shall mean the Federal Trade Commission;

MAT    CGC    PLT

g. "Randy Terrell" means Randall Bruce Terrell, husband of Michelle Terrell.

h. "Released Parties" shall mean Cannon-Cleveland Funeral Directors, Inc., a corporation with its principal place of business in McDonough, Georgia, together with Charles Gregory Cannon, individually; Peter Lawrence Thornton, individually; Southern Crescent Crematorium, LLC; Companion Care Crematorium, LLC; CCT Management, Inc.; Cannon-Thornton, Inc., and any other parent company, subsidiary entities and surviving entities affiliated with any of the foregoing individuals or entities by reason of any merger or acquisition or otherwise;

i.  "Terrell's Attorney(s)" or "her Attorneys" shall mean Stephen M. Katz and the firm of The Katz Law Group, LLC and his partners, shareholders, members, associates, employees and agents; and

j.  "Terrell" shall mean Michelle Terrell f/k/a Michelle Ferraiuolo, her heirs, assigns and representatives in a fiduciary capacity (e.g., trustee, guardian, executor).

3.   LUMP SUM PAYMENT AND ALLOCATION.

3.1  **Lump Sum Payment.** The maximum total consideration to be provided by Released Parties for this settlement, in full, final, and complete settlement of all claims that were or could have been asserted by Terrell is One hundred twenty-five thousand and 00/100 Dollars ($125,000.00). Said amount is in exchange for and in consideration of all agreements contained herein, and is to be paid by separate checks made payable to Terrell and to Terrell's Attorney, as follows:

MAT   CGC   PLT

a. One check to the order of Ms. Michelle Terrell for the amount of $70,981.52;

b. One check to the order of The Katz Law Group (fees) for the amount of $50,000; and

c. One check to the order of The Katz Law Group (expenses) for the amount $ 4,018.48.

The parties agree that the Released Parties will pay the amounts set forth herein within thirty (30) days of the Court's approval of the settlement as set forth in Section 4. Any payment with in thirty (30) days is conditioned upon the Released Parties ability to secure a loan and receive approval from the financial institution's loan committee. Should the Released Parties not be able to receive such approval and financing, the parties will revisit payment terms.

3.2   ALLOCATION OF SETTLEMENT PROCEEDS TO CLAIMS.

**[To be discussed among counsel]**

4.   COURT APPROVAL AND STIPULATED ENTRY OF JUDGMENT DISMISSING CLAIMS AND COUNTERCLAIMS.

The parties acknowledge that this Agreement must be reviewed and approved by the United States District Court for the Northern District of Georgia, including, without limitation, those portions alleging retaliation under the FLSA. The parties agree that this Agreement shall not be final unless and until the Court approves it. Terrell or her counsel shall file the attached Stipulation of Dismissal With Prejudice within 48 hours after the Effective Date or payment of all sums due and owing under paragraph 3, whichever is later.

5.   NOTICE TO BOARD.

Upon execution of this Agreement, the parties will jointly notify the Board in writing that that this Civil Action has settled. The parties will

MAT   CGC   PLT

take no further action with respect to any pending ethics charges unless required to do so by the Board.

6.  **RETURN OF PERSONAL PROPERTY/DESTRUCTION OF AUDIO AND/OR VIDEO RECORDINGS**

The parties agree that each party shall relinquish and return to the possession of the other party any and all personal property belonging to any other party, including, but not limited to, all personal property that is the subject of counterclaims filed by some or all of the Released Parties and ethics charges asserted by any party. Alternatively, if requested in writing, the party in possession of personal property shall destroy all personal property belonging to any other party. Each party shall return or destroy any audio or video recordings relating to the subject matter of the Civil Action and/or Ethics Actions.

7.  **CONFIDENTIALITY**

This Agreement, its existence and the terms herein, and the facts giving rise to disputes between the parties shall be confidential to the fullest extent permitted under law, including, without limitation, the FLSA. Therefore, the parties and their respective attorneys acknowledge and agree that strict confidentiality is of the essence of this Agreement and was a material inducement to settlement, and that immediate and irreparable harm will occur to one or more of the parties in the event of any breach of this confidentiality provision. Accordingly, the parties agree to the following:

7.1  The parties and their respective attorneys agree to keep completely confidential the existence and amount of the settlement and the terms of this Agreement, and will not disclose, directly or indirectly, any such information to any person or entity unless ordered or required to do so by a governmental entity or by court process or order. Provided, however, the parties may disclose such information to their professional financial and/or tax advisors or tax return

MAT   CGC   PLT

preparers for the limited purpose of obtaining advice which involves or relates to the settlement.

7.2    In the event that a party makes such limited disclosure to such persons as are specifically authorized in subparagraph a, the party making such a disclosure to a professional advisor shall affirmatively instruct such person(s) to abide strictly by all of the conditions of confidentiality imposed hereunder.

7.3    In the event a party is found by an arbitrator to violate the confidentiality provisions hereunder, that party agrees to liquidated damages in the amount of $25,000 for each violation, together with the payment of attorney's fees and costs incurred by the injured party in enforcing this confidentiality provision. The amount set forth herein shall not be considered a penalty; rather, it is reasonable estimate of damages that are difficult to quantify. For the avoidance of doubt, nothing set forth herein shall limit the Court or arbitrator from awarding non-monetary relief in the form of a public apology, published retraction, or similar measure.

7.4    The responsibilities, rights and remedies set forth in this paragraph 7 bind and inure to the benefit of Randy Terrell.

8.    NON-DISPARAGEMENT.

8.1    To the fullest extent permitted by law, the parties agree not to do or say anything that would portray any other party, or any person or entity affiliated with any other party, in a negative or poor light, except as may be required in providing truthful testimony pursuant to a lawfully issued and served subpoena to testify at a deposition, trial, arbitration, or administrative proceeding.

MAT    CGC    PLT

8.2   Released Parties agrees that in response to inquiry concerning Terrell, they will provide (and state it its their policy) only dates of employment and last position held for all former employees, including Terrell. Released Parties shall not speak or attempt to speak to any person regarding Terrell.

8.3   A party who suffers injury as a result of a breach of this paragraph 8 or its subparts shall be subject to the same remedies and procedures set forth in paragraph 7.3 above.

8.4   The responsibilities, rights and remedies set forth in this paragraph 8 bind and inure to the benefit of Randy Terrell.

9.   GENERAL RELEASES.

9.1   Released Parties by Terrell. Terrell, for and on behalf of herself and each of her heirs, administrators, executors, personal representatives, beneficiaries, successors and assigns, fully and completely releases Released Parties, as defined above, together with its present, past or future directors, officers, employees, agents, attorneys, assigns, successors, affiliates and insurers, from any and all claims, demands, charges, complaints, liabilities, obligations, actions, causes of action, suits, costs, expenses, losses, attorneys' fees, and damages of any nature whatsoever, known or unknown, for relief of any nature at law or in equity, which Terrell now has, owns or holds, or claims to have, own or hold, or which she at any time heretofore had, owned or held, or claimed to have, own or hold against the Released Parties, including, but in no way limited to, any claim that Terrell asserted or could have asserted in the Legal Dispute, any claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Sarbanes-Oxley Act of 2002, as amended ("SOX"); Title VII of the Civil Rights Act of 1964, as

MAT   CGC   PLT

amended ("Title VII"); 42 U.S.C. §1981; the Americans With Disabilities Act ("ADA"); the Family Medical Leave Act ("FMLA"); the Age Discrimination in Employment Act ("ADEA"); the Older Workers Benefit Protection Act ("OWBPA"); the Worker Adjustment and Retraining Notification Act ("WARN"); the Employee Retirement Income Security Act ("ERISA"); the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the Equal Pay Act; the Civil Rights Act of 1866; the Civil Rights Act of 1871; Executive Order 11246; the Rehabilitation Act; the Georgia Equal Pay Act; the Georgia Prohibition of Age Discrimination in Employment Act, The Georgia Trade Secrets Act, and the Georgia Equal Employment for People with Disabilities Code; all laws relating to violation of public policy, retaliation, or interference with legal rights, including without limitation retaliation or interference with the right to file or pursue a claim for workers' compensation benefits; any and all other employment or discrimination laws; whistleblower claims; any tort, fraud or constitutional claims; any claim for benefits; and any breach of contract claims or claims of promissory estoppel. Terrell further waives any right she may have to recover financial damages through any proceeding initiated by the EEOC, the U.S. Department of Labor, OSHA, or any State or local human rights commission against Released Parties. It is agreed that this is a general release and is to be broadly construed as a release of all claims; provided that, notwithstanding the foregoing, this paragraph expressly does not include a release of any claims that cannot be released hereunder by law.

Terrell acknowledges that she subsequently may discover facts in addition to or different from those that she now knows or believes to be true with respect to her employment

MAT   CGC   PLT

with Released Parties, and that she may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to her employment with Released Parties. She acknowledges, however, that the Parties have negotiated, agreed upon, and entered into this Agreement in light of that situation. To the extent allowed by law, Terrell waives any and all rights that she may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to claims known or suspected as of the date of her execution of this Agreement.

9.2     Terrell by Released Parties. Released Parties on behalf of themselves, and their heirs, executors, administrators, assigns, and successors, and each of them, hereby fully release and discharge Terrell, from any and all claims, wages, contracts, commissions, causes of action, obligations, debts, costs, expenses, attorneys fees, damages, and liabilities of whatever kind or nature in law, equity, or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which Terrell now owns or holds or has at any time heretofore owned or held as against Released Parties, arising out of or in any way connected with Terrell's relationship with Released Parties; Terrell's employment or any other transaction, occurrence, act or omission or of any loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Released Parties, committed or omitted prior to the date of this Agreement, including, without limitation, alleged violations of The Georgia Trade Secrets Act, and/or any alleged violation of any federal, state, or local law, or statute, executive order, law or ordinance, or any duty or obligation arising out of contract or tort, whether at law or in

MAT     CGC     PLT

equity, including, without limitation, claims seeking recovery for overtime, commissions, severance pay, sick leave, holiday pay, vacation pay, life insurance, group medical insurance or any other fringe benefit heretofore provided by Released Parties, including, without limitation, worker's compensation, unemployment and disability claims.

Released Parties acknowledge that they subsequently may discover facts in addition to or different from those that they now know or believe to be true with respect to Terrell's employment and/or relationship with Released Parties, and that they may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to Terrell's employment and/or relationship with Released Parties. Released Parties acknowledge, however, that they have negotiated, agreed upon, and entered into this Agreement in light of that situation. Released Parties waive any and all rights that they may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to claims known or suspected as of the date of her execution of this Agreement.

10.   **WAIVER OF REINSTATEMENT.**

Terrell waives and relinquishes any claim for reinstatement of her employment with Released Parties, and agrees that she will not at anytime seek reemployment in any capacity with Released Parties or any subsidiary or related or affiliated concern. Terrell agrees not to seek employment from Released Parties.

11.   **WAIVER OF ATTORNEYS FEES AND COSTS.**

Each party understands, acknowledges and agrees that under no circumstance shall this Agreement be interpreted to render any party a

MAT   CGC   PLT

"prevailing party" for any purpose whatsoever, including, without limitation, for an award of attorneys fees under any statute, judicial or administrative decision or otherwise. Each party understands, acknowledges and agrees that it has waived any claim for attorneys fees, costs and expenses and that each party shall bear its own attorneys fees, costs and expenses and shall make no claim therefor on any other party, its agents, representatives and attorneys.

12.     WAIVER OF ADDITIONAL AND UNKNOWN CLAIMS.

Each party acknowledges that it may hereafter discover claims or facts in addition to or different from those which it now knows or believes to exist with respect to the subject matter of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this settlement. Nevertheless, each party hereby waives any right, claim or cause of action that might arise as a result of such different or additional claims or facts.

13.     NO VIOLATION OF ANY FEDERAL, STATE OR LOCAL LAW.

Each party expressly denies any violation of any of its policies, procedures, state or federal laws or regulations. While this Agreement resolves all issues between Terrell and Released Parties relating to any alleged violation of any federal, state or local law or regulation, this Agreement does not constitute an adjudication or finding on the merits and it is not, and shall not be construed as, an admission by any party of any violation of its policies, procedures, the policies rules or procedures of the Board, or any federal, state or local law or regulation. Moreover, neither this Agreement nor anything contained herein shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by any party of any violation of its policies, procedures, he policies rules or procedures of the Board, federal, state or local law or regulation. This Agreement may be introduced, however, in any proceeding to enforce the

MAT   CGC   PLT

Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

14.    COSTS AND OTHER LITIGATION EXPENSES.

Except as set forth in this Agreement, all fees, costs or other expenses incurred by Terrell and Released Parties shall be paid by the party incurring the same, with the express understanding that the settlement amount set forth above includes the payment of Terrell's attorneys' fees, expert witness fees, and all other expenses relating to any dispute among the parties to this Agreement.

15.    ARBITRATION; RETENTION OF JURISDICTION TO ENFORCE OF SETTLEMENT.

With the exception of disputes arising under paragraphs 3, 4, 5, and 6, (subparagraphs included), any and all disputes between the parties arising regarding the interpretation, enforcement, or performance of this Agreement shall be resolved by binding, confidential arbitration governed by the American Arbitration Association (AAA), and the parties waive any right to trial by jury or to go to court for a trial of any such disputes. There shall be a single arbitrator, and the arbitrator shall have full authority to enforce this Agreement and to determine the enforceability of the Agreement and all portions thereof. The Parties agree that any request to enforce paragraphs 3, 4, 5, and 6 or for temporary or preliminary injunctive relief shall be made to the United States District Court for the Northern District of Georgia. All other issues raised by the parties' dispute shall be determined by the arbitrator selected by the parties. The responsibilities, rights and remedies set forth in this paragraph 15 bind and inure to the benefit of Randy Terrell.

16.    NOTICE OF DISCLOSURE.

Should any party be required under law to disclose (1) information relating to any other party, (2) claims which could have been raised in

MAT    CGC    PLT

any lawsuit, (3) this Agreement or its terms and conditions, or (4) any other matter involving any other party, they will provide all parties with ten (10) days prior written notice by delivering a copy of the subpoena or other legal demand to:

Michelle Terrell
125 Belair Trail
Stockbridge, Georgia 30281

Name of Released Party
c/o Cannon-Cleveland Funeral Directors, Inc.
2580 Highway 42 N
McDonough, Georgia 30253

**17.    WARRANTIES AND REPRESENTATIONS.**

The parties provide the following warranties and representations, which are deemed material:

17.1    **Assignment of Claims.** No party has assigned or purported to assign any claim governed or released by this Agreement.

17.2    **Bankruptcy.** None of the parties has filed or contemplates filing bankruptcy proceedings nor has any party made or in the process of selling all or substantially all of its assets or making an assignment for the benefit of creditors.

17.3    **Federal Agency Claims.** Except as set forth herein, the parties have not asserted or filed or purported to assert or file any claims, actions or proceedings with any federal, state or local government agencies, including, but not limited to, EEOC, U.S. Department of Labor, FTC, Board.

17.4    **Georgia Board of Funeral Service.** The parties agree that this Agreement is intended to be consistent with all policies, rules and regulations of the Board. To the extent

MAT    CGC    PLT

that anything set forth in this Agreement is inconsistent with the policies, rules and regulations of the Board, the policies, rules and regulations of the Board shall govern and supersede the inconsistent provision herein.

**17.5  FLSA Compliance.** This Agreement does purport to prospectively waive any employee's rights (for example, by stipulating that Terrell was an exempt employee), nor does the agreement purport to classify or reclassify any employee or position as exempt or non-exempt. The parties agree that this settlement was concluded at "arm's length," included the services of a mediator recommended by one of the judges of the Northern District of Georgia, constitutes a fair compromise by all parties, and does not impermissibly frustrate implementation of the FLSA.

**17.6  Other Contracts.** The parties warrant and represent that execution of this Agreement does not violate any other contract under which any party is bound.

**17.7  Criminal Charges.** Except as disclosed during discovery, neither Terrell nor the Released Parties has asserted any criminal charges against any other party to this Agreement.

**18.  MISCELLANEOUS.**

**18.1  Pronouns.** All personal pronouns used in this agreement whether used in the masculine, feminine or neuter gender, shall include all other genders. The singular shall include the plural and vice versa.

**18.2  Construction of this Agreement.** Each party acknowledges that it has participated in the negotiation of this Agreement and no provision of this Agreement shall be construed against or interpreted to the disadvantage of

MAT    CGC    PLT

any party hereto or thereto by any court or other governmental or judicial authority by reason of such party having or being deemed to have structured, dictated or drafted such provision.

18.3   **Legal Representatives.** Each party to this Agreement represents and agrees that it has thoroughly discussed all aspects of this Agreement with its private attorney, that it is fully aware of its right to discuss any and all aspects of this matter with the attorneys chosen by them, that they have carefully read and fully understood all of the provisions of this Agreement.

18.4   **Other Representations.** The parties represent, acknowledge and agree that in executing this Agreement they do not rely and have not relied upon any representation or statement made by the other or any of the other party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement.

18.5   **Governing Law.** This Agreement is made and entered into under the laws of the State of Connecticut, and shall in all respects be interpreted, enforced and governed under the laws of said state.

18.6   **Severability.** If any provision of this Agreement shall be declared or be determined by any Court, judicial authority, or government agency to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

18.7   **Entire Agreement.** This Agreement sets forth entire Agreement between the parties hereto, fully supersedes

MAT   CGC   PLT

any and all prior negotiations, agreements, understandings between the parties and their respective attorneys pertaining to the subject matter hereof.

**18.8**   **Headings.** The headings of the articles, paragraphs and subparagraphs of this Agreement for convenience and reference only, and are not to be considered a part hereof, and shall not limit or otherwise affect any of the terms or provisions hereof.

**18.9**   **Modifications.** The terms of this Agreement may not be changed, modified, waived, discharged or terminated orally, but only by an instrument or instruments in writing, signed by the party against who the enforcement of the change, modification, waiver, discharge or termination is asserted.

**18.10**   **Successors or Assigns.** Whenever in this Agreement any party is named or referred to, the heirs, executors, legal representatives, successors, successors in title and assigns of such party shall be included, and all covenants and agreements contained in this Agreement shall be binding on an inure to the benefit of respective heirs, executors, legal representatives, successors, successors-in-title and assigns of the parties hereto, whether so expressed or not.

**18.11**   **Truthful Testimony.** Notwithstanding the foregoing, nothing in this Agreement is intended to or shall prevent, impede, or interfere any party from providing truthful testimony and information in the course of an investigation or proceeding authorized by law and conducted by an agency of the United States or the State of Georgia.

**18.12**   **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an

MAT   CGC   PLT

original and all such counterparts together shall constitute one and the same instrument.

19.    **DISCLOSURE REGARDING ATTORNEY'S FEES**

19.1    Terrell acknowledges and agrees that prior to filing the Civil Action and prior to executing this Agreement, she was notified by her attorney that

a. the approval process includes an independent review of her counsel's attorney's fees by the Court; and

b. that she has a right to object to her Counsel's attorney's fees regardless of any engagement or fee agreement she signed, and

c. she is entitled to receive and has received from her Counsel full disclosure of fees and costs expended on her behalf.

19.2    The total lodestar (hourly rate x number of hours) expended by Terrell's counsel is $_____, and the total amount he is entitled to receive under the terms of this Agreement is $_____, representing a % reduction.

20.    **OPPORTUNITY FOR REVIEW AND COMPLIANCE WITH THE OLDER WORKER'S BENEFIT PROTECTION ACT.**

Terrell represents and acknowledges that she has carefully read and understands all of the provisions of this Agreement, and that she is voluntarily entering into this Agreement. Without limiting the scope of the General Release set forth in paragraph 7 of this Agreement, Terrell understands that by executing this Agreement, she is waiving all clams for age discrimination under the Age Discrimination in Employment Act ("ADEA"). Terrell represents and acknowledges that she has been advised in

MAT   CGC   PLT

writing to, and has been afforded the right and opportunity to, consult with an attorney and that she has in fact consulted with her Attorney(s) prior to executing this Agreement; that she has twenty-one (21) days within which to consider this Agreement; that she has seven (7) days following its execution within which to revoke this Agreement; and that this Agreement, and the payments due hereunder, will not become effective until after the revocation period has expired. Terrell further acknowledges and confirms that the only consideration for her signing this Agreement is the terms and conditions stated in writing in this Agreement, and that no other promise or agreement of any kind, other than those set out in writing in this Agreement, has been made to her by any person to cause her to sign this Agreement.

**IN WITNESS WHEREOF** the Parties have voluntarily executed this Agreement. By executing this Agreement, each Party stipulates, agrees, and warrants as follows:

20.1   that the terms of this Agreement are reasonable;

20.2   that the person executing this Agreement has carefully read and understands all of the provisions of this Agreement and is voluntarily entering into this Agreement;

20.3   that the person executing this Agreement will not challenge or contest in any way the capacity or authority of any party hereto to enter into this Agreement; and

20.4   That the person executing this Agreement has the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement fully binding upon and enforceable against herself or the entity she represents, and that the initials of Charles Gregory Cannon and Peter Lawrence Thornton set forth at the

MAT   CGC   PLT

bottom of each page are on behalf of themselves individually and other Released Parties.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A WAIVER AND GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

MICHELLE TERRELL

*Michelle Terrell*

Signed, sealed and
delivered in the presence of:

*Rachel Holland*
Witness

RANDY TERRELL
(ONLY AS TO PARAGRAPHS
7, 8, AND 15)

*Randy Terrell*

Signed, sealed and
delivered in the presence of:

*Rachel Holland*
Witness

CHARLES GREGORY CANNON,
INDIVIDUALLY

*Charles G. Cannon*

Page 19 of 22

MAT    CGC    PLT
MAT    CGC    PLT

Signed, sealed and
delivered in the presence of:

_____
Witness

PETER LAWRENCE THORNTON,
INDIVIDUALLY

_____

Signed, sealed and
delivered in the presence of:

_____
Witness

CANNON-CLEVELAND FUNERAL
DIRECTORS, INC.

BY: _____

ITS: _____

Signed, sealed and
delivered in the presence of:

_____
Witness

CANNON-CLEVELAND FUNERAL
DIRECTORS, INC.

BY: _____

ITS: _____

Signed, sealed and

Page 20 of 22

MAT   CGC   PLT

delivered in the presence of:

_____
Witness

SOUTHERN CRESCENT
CREMATORIUM, LLC

BY: _____

ITS: _____CEO_____

Signed, sealed and
delivered in the presence of:

_____
Witness

COMPANION CARE
CREMATORIUM, LLC

BY: _____

ITS: _____CEO_____

Signed, sealed and
delivered in the presence of:

_____
Witness

CCT MANAGEMENT, INC.

BY: _____

ITS: _____CEO_____

Page 21 of 22

MAT   CGC   PLT

Signed, sealed and
delivered in the presence of:

Witness

CANNON-THORNTON, INC.

BY: _____

ITS: _____

Signed, sealed and
delivered in the presence of:

Witness

MAT    CGC    PLT